## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 6:24-cv-600 |
| § | |
| MISSION WACO, A TEXAS NON- § | |
| PROFIT ORGANIZATION, MISSION § | |
| WACO WORLD CUP CAFÉ, A § | |
| BUSINESS AND INDIVIDUALS OR § | |
| ENTITIES ASSOCIATED WITH THE § | |
| ADVERSE ACTIONS INFLUENCED BY § | |
| COMMENTS AND ACTIONS § | |
| DIRECTED TOWARD PLAINITFF § | |
| AFFECTING THE LEVEL OF § | |
| SERVICE INSIDE OF THE CAFÉ, § | |
| § | |
| Defendants. § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Mission Waco, Mission World, Inc.[1] ("Defendant"), hereby removes this civil action filed by pro se Plaintiff John Doe ("Plaintiff") to the United States District Court for the Western District of Texas, Waco Division, the District and Division encompassing the state court in which this action is pending. Defendant respectfully shows the Court as follows:

### I. INTRODUCTION

1.  On October 16, 2024, Plaintiff filed his Original Petition for Temporary Injunction ("Petition") in the 474th Judicial District Court of McClennan County, Texas ("State Court

---

[1] Pro se Plaintiff filed his Original Petition for Temporary Injunction allegedly against "Misson Waco, a Texas Non-Profit Organization, Mission Waco World Cup Café, a Business and Individuals or Entities Associated with the Adverse Actions Influenced by Comments and Actions Directed Toward Plaintiff Affecting the Level of Service Inside of the Café." While two citations were issued, there are not two separate entities. Mission Waco World Cup Café is one of the many programs Mission Waco, Mission World Inc. provides to those in the underserved communities of Waco, Texas. No individuals have been properly named or served in this matter.

Action"), alleging violations of civil rights under TTitle III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* The case is styled *Mission Waco, a Texas Non-Profit Organization, Mission Waco World Cup Café, a Business and Individuals or Entities Associated with the Adverse Actions Influenced by Comments and Actions Directed Toward Plaintiff Affecting the Level of Service Inside of the Café*, Cause No. 2024-2954-6 ("State Court Action"). Plaintiff did not request a jury demand.

2. Plaintiff served Defendant with the Petition on October 22, 2024. A copy of the executed Return of Service is attached as Exhibit A-10 and Exhibit A-11.

3. While two citations were issued, one for "Misson Waco, A Texas Non-Profit Organization" and one for "Mission Waco World Cup Café, A Business," only one entity exists, Mission Waco, Mission World, Inc. Mission Waco World Cup Café is one of the many programs Mission Waco, Mission World Inc. provides to those in the underserved communities of Waco, Texas. Plaintiff's error is one of misnomer. Out of an abundance of caution, Defendant has received consent to remove this matter to federal court from representatives that received service on behalf of each "entity". Consent to removal for "Misson Waco, A Texas Non-Profit Organization" is attached hereto as Exhibit B. *See* Ex. B, Consent to Removal for Mission Waco. Consent to removal for "Mission Waco World Cup Café, A Business" is attached hereto as Exhibit C. *See* Ex. C, Consent to Removal for Mission Waco World Café.

4. Defendant has timely filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL

5. This Court has original federal question subject matter jurisdiction over this action

under 28 U.S.C. § 1331 because this action involves claims that arise under the laws of the United States.  In counts one through three, Plaintiff claims that Defendant: (1) violated his civil rights under the ADA, (2) subjected him to retaliation "particularly through the reduction in service and false accusations," and subjected him to disparate treatment "by treating Plaintiff differently in a public establishment."  *See* Ex. A-3, Pl.'s Pet. Section V.  Based on the context of his allegations that his civil rights were violated, he was subjected to a "reduction in service," and that he was "treated differently in a public establishment," Plaintiff is explicitly and implicitly referencing Title III of the ADA, 42 U.S.C. § 12181 *et seq.*[2]  Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

6.   Removal of Plaintiff's remaining cause of action for "breach of confidentiality" alleged in the Petition is proper pursuant to 28 U.S.C. § 1367, because this Court has "supplemental jurisdiction over all other claims that are so related" to the claim over which this Court has original jurisdiction "that they form part of the same case or controversy."  *See* 28 U.S.C. § 1367 (a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).  Claims form part of the same case or controversy where they "derive from a common nucleus of operative fact." *Mendoza*, 532 F.3d at 346.

7.   All of Plaintiff's claims arise out of the allegedly discriminatory and retaliatory comments and actions of Defendant while Defendant provided Plaintiff with restaurant service at World Cup Café.  *See* Ex. A-3, Pl.'s Pet.  *See* Ex. A-3, Pl.'s Pet.  Plaintiff claims that Defendant subjected him to "direct and indirect comments from staff at Mission Waco, specifically related to substance habits," allegedly triggering the ADA and that "the comments escalated to include

---

[2] Plaintiff may also be alleging violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, as reference is made to Title II of the Civil Rights Act in his "Application for Temporary Injunction."  *See* Ex. A-3, Pl.'s Pet., Section VI.

discussions of Plaintiff's health, religion, and ethnicity." *See* Ex. A-3, Pl.'s Pet., Section III. Plaintiff's "breach of confidentiality" claim specifically alleges that it is based on the public discussion of "Plaintiff's health, religion, and ethnicity." *See* Ex. A-3, Pl.'s Pet, Section V. Thus, Plaintiff's claim for "breach of confidentiality," as admitted by Plaintiff, arises from the same operative facts as Plaintiff's claims for violations of civil rights under the ADA. Therefore, this Court has supplemental jurisdiction over Plaintiff's "breach of confidentiality" because it forms part of the same case and controversy under *See* 28 U.S.C. § 1367 (a). *See Mendoza*, 532 F.3d at 346.

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

9. The United States District Court for the Western District of Texas, Waco Division includes the judicial district in which Plaintiff filed his State Court Action. Thus, removal to this Court is proper.

### III. PROCEDURAL STATEMENTS

10. An index of all documents filed in the State Court Action, and the date of filing, is attached hereto as **Exhibit A**.

11. All pleadings, process, orders, and other filings in the State Court Action, including the docket, are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a). *See* Exhibits A-1 to A-12.

12. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the District Court of McLennan County, Texas as required by 28 U.S.C. § 1446(d).

13. Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff as required by law.

14. A completed Federal Civil Cover Sheet and the removal fee accompanies this Notice of Removal.

## IV.  CONCLUSION

15. For the foregoing reasons, Defendant respectfully requests that further proceedings in the matter of *Mission Waco, a Texas Non-Profit Organization, Mission Waco World Cup Café, a Business and Individuals or Entities Associated with the Adverse Actions Influenced by Comments and Actions Directed Toward Plaintiff Affecting the Level of Service Inside of the Café*, Cause No. 2024-2954-6, pending in the 474th Judicial District Court of McClennan County, Texas, be discontinued, and that this suit be removed to the United States District Court for the Western District of Texas, Waco Division.

DATED:  November 20, 2024                Respectfully submitted,

By: */s/ Paul E. Hash*
    Paul E. Hash
    Texas Bar No. 09198020
    Paul.Hash@jacksonlewis.com
    Nicholé M. Plagens
    State Bar No. 24083665
    Nichole.Plagens@jacksonlewis.com

    JACKSON LEWIS P.C.
    500 N. Akard, Suite 2500
    Dallas, Texas 75201
    Phone:  (214) 520-2400
    Facsimile:  (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November 2024, a copy of the foregoing pleading was served upon pro se Plaintiff John Doe[3] via U.S. Mail and Certified Mail RRR.

/s/ Paul E. Hash
Paul E. Hash

---

[3] Defendant is aware of the identity and address of Plaintiff John Doe, but out of respect for their request for anonymity is not including their name and address in this pleading.