Case 6:24-cv-00600-ADA-JCM   Document 4   Filed 12/17/24   Page 1 of 3

FILED
December 17, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cap_____
                        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE [INSERT JURISDICTION] DISTRICT OF TEXAS

JOHN DOE,
Plaintiff,

v.

MISSION WACO, A TEXAS NON-PROFIT ORGANIZATION

Case No. 6:24-CV-00600

## MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW **John Doe**, the Plaintiff, proceeding **pro se**, and respectfully files this **Motion to Remand** the above-captioned matter to the **474th Texas State District Court**, County of **McLennan**, Texas, from which it was removed, pursuant to 28 U.S.C. § 1447. In support of this Motion, the Plaintiff would show the Court as follows:

## I. INTRODUCTION

Plaintiff, **John Doe**, filed his initial petition for a temporary injunction in **474th District Court**, County of **McLennan**, Texas. This case was subsequently removed to federal court by the Defendant. However, Plaintiff respectfully requests that the Court remand this case back to state court, as the claims asserted are based primarily on state law and should be heard by a state court, which is better equipped to address the issues in this case.

## II. BACKGROUND AND GROUNDS FOR REMAND

The Plaintiff's petition seeks a temporary injunction in response to ongoing civil rights violations and other personal harms. These claims are rooted in Texas state law, with an emphasis on state-specific interpretations of civil rights protections. While the federal court may have jurisdiction based on references to federal law, the Plaintiff believes that the core issues are better addressed under Texas law in the appropriate state court.

The Plaintiff is especially concerned about privacy issues and the potential for his identity to be further exposed in federal court. The state court is a more appropriate forum for addressing the Plaintiff's concerns and ensuring that his rights are properly protected.

## III. LEGAL STANDARD FOR REMAND

Federal courts only have jurisdiction over cases that present federal questions or meet diversity requirements. However, the mere reference to federal law does not automatically confer federal jurisdiction. The Supreme Court has consistently ruled that federal jurisdiction is appropriate only when the federal issue is "actually disputed and substantial." If the federal issue is not central to the case or if the claims arise primarily under state law, the case should be remanded to state court.

28 U.S.C. § 1447(c) provides that a case removed to federal court must be remanded if it appears that the federal court lacks jurisdiction.

## IV. ARGUMENTS IN SUPPORT OF REMAND

1. **Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986):**
   The Supreme Court in *Merrell Dow Pharmaceuticals* held that federal jurisdiction does not arise merely because a federal issue is implicated in a state law claim. Here, the Plaintiff's claims are primarily grounded in Texas state law, and any federal elements do not predominate or alter the overall nature of the claims.
2. **Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005):**
   In *Grable*, the Supreme Court held that federal jurisdiction is appropriate only when the federal issue is "actually disputed and substantial." While the Plaintiff's claims may reference federal civil rights protections, the central legal issues are based on how Texas courts interpret and apply those protections under state law. As such, the federal issues are not substantial enough to warrant federal jurisdiction.
3. **Gunn v. Minton, 568 U.S. 251 (2013):**
   The Supreme Court's decision in *Gunn* clarified that even when a case involves a federal question, federal jurisdiction is not appropriate unless the federal issue is substantial and central to the case. In this case, the Plaintiff's claims are more closely tied to Texas law than federal law, and there is no need for federal intervention.
4. **State Court is the Appropriate Forum for Resolution:**
   The Plaintiff respectfully submits that the Texas state courts are the best suited to resolve this dispute. The civil rights claims presented in the petition are based on Texas law and should be adjudicated in the forum most familiar with the state's legal landscape. The Plaintiff also believes that the state court will be more likely to appreciate the nuances of the local context, ensuring a fairer and more effective resolution of the claims.
5. **Privacy Concerns:**
   As a pro se litigant, the Plaintiff is particularly concerned about his privacy and the exposure of his identity in federal court. The state court offers a more private forum in which to resolve these matters, protecting the Plaintiff from unnecessary public exposure.

## V. CONCLUSION

For the reasons outlined above, **John Doe**, the Plaintiff, respectfully requests that this Court **remand** this case to the **474th Texas State District Court**, County of **McLennan Co**, Texas, from which it was removed. The case is primarily based on state law, and the issues presented are better addressed in state court, where they can be adjudicated in accordance with Texas law.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. **Grant** this Motion to Remand;
2. **Remand** this case to the **474th District Texas State District Court**, County of **McLennan**, Texas;
3. **Order** any further relief that the Court deems just and proper.

Respectfully submitted this.

---

**John Doe**
Plaintiff, Pro Se

---

## CERTIFICATE OF SERVICE

I hereby certify that on this _____, a true and correct copy of the above and foregoing Motion to Remand was served on the Defendant's counsel of record via [method of service, e.g., electronic filing, mail, or email].

---

**John Doe**