**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 6:24-cv-00600-ADA-JCM |
| | § | |
| MISSION WACO, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendant Mission Waco's Notice of Removal (ECF No. 1), Plaintiff John Doe's Motion to Remand (ECF No. 4), and Defendant's Response (ECF No. 5). For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED.**

## I.   BACKGROUND

On October 16, 2024, Plaintiff John Doe sued Defendant Mission Waco for violating the Americans with Disabilities Act ("ADA") in the 474th District Court of McLennan County, Texas. Notice of Removal at 1–2, ECF No. 1. Plaintiff served Defendant with his Petition on October 22, 2024. *Id.* at 2. Defendant removed the action to this Court on November 20, 2024, alleging the Court has federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 2–3.

Plaintiff now moves to remand the action, arguing that "[w]hile the federal court may have jurisdiction based on references to federal law, the Plaintiff believes that the core issues are better addressed under Texas law in the appropriate state court." Pl.'s Mot. at 1, ECF No. 4. Plaintiff further argues that his "mere reference to federal law does not automatically confer federal jurisdiction" on this Court. *Id.* at 2.

## II. LEGAL STANDARD

Plaintiffs may file a motion to remand under 28 U.S.C. § 1447(c) if they believe that removal to federal court was improper. Plaintiffs can seek remand for lack of subject matter jurisdiction, a procedural defect in removal, or both. *See Baris v. Sulpico Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991). Plaintiffs can move to remand for lack of subject matter jurisdiction at any time. *See id.* at 1543–44.

The party seeking removal bears the burden of proving that removal was proper. *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020). Defendants can generally remove any state court civil action for which the federal district courts have original jurisdiction. 28 U.S.C. § 1441. To remove a state court civil action, defendants must file a notice of removal in the federal district and division where the state court action is proceeding. 28 U.S.C. § 1446. The notice of removal must include a short and plain statement of the grounds for removal along with copies of all processes, pleadings, and orders served upon the defendants. *Id.*

Defendants generally must remove state court civil actions within thirty days of receipt of service of the initial pleading. *Id.* If the face of the initial pleading does not indicate that defendants can remove the case—but a subsequently amended petition, motion, order, or other paper allows defendants to ascertain that the case is removable—defendants can remove within

thirty days from service of that amended petition, motion, order, or other paper. *Id.* In any event, all properly joined and served defendants must join or consent to removal. *Id.*

### III.   ANALYSIS

Plaintiff moved to remand this case, arguing that this Court lacks federal question jurisdiction because his ADA claims are "not central to the case" and "because [Plaintiff's] claims arise primarily under state law." Pl.'s Mot. at 2. Defendant responds that this action is within the Court's subject matter jurisdiction because it directly involves a federal statute. Def.'s Resp. at 2, ECF No. 5.

Generally, a defendant may not remove a state cause to federal court unless the face of the plaintiff's well-pleaded complaint "establishes that the cause of action arises under federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Lab. Vacation Trust*, 463 U.S. 1, 10–11 (1983)). The Fifth Circuit has held that federal courts have federal question jurisdiction over ADA claims. *See Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 331 (5th Cir. 2016) ("The district court had jurisdiction over [the plaintiff's] federal ADA claims under 28 U.S.C. § 1331."); *see also Clewis v. Medco Health Solutions, Inc.*, 578 F. App'x 469, 471 (5th Cir. 2014) (concluding that the district court had subject matter jurisdiction because plaintiff's petition at the time of removal contained a federal claim for ADA violations).

Plaintiff cites three Supreme Court cases in support of his motion to remand. *See* Pl.'s Mot. at 2. All three of those cases, however, are clearly distinguishable from Plaintiff's case. "For statutory purposes, a cause can arise under federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Whereas here, a case arises under federal law when federal law creates the cause of action asserted. *Id.* (citation omitted). But, as in the three cases Plaintiff cites, even

where a claim finds its origins in state rather than federal law, there is a "special and small category" of cases in which arising under jurisdiction still lies. *Id.* at 258 (citing *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)); *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (state law quiet title action depending in part on an interpretation of federal tax law); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) (state tort claim resting in part on an allegation that the defendant drug company violated a federal branding law). Only when determining whether a case is part of this "special and small category" of cases, must a court ask if the state-law claim necessarily raises a stated federal issue, is actually disputed and substantial, and whether a federal forum may entertain the state law claim without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 314.

      Here, the face of Plaintiff's Complaint clearly establishes that his cause of action arises under federal law. A suit arises under the law that creates the cause of action. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Plaintiff's first cause of action is for a violation of his civil rights under the ADA. Notice of Removal, Ex. A-3 at 2, ECF No. 1-5. Further, Plaintiff alleges that he "has experienced direct and indirect comments from staff at Mission Waco, specifically related to substance habits, which triggered protections under the Americans with Disabilities Act (ADA)." *Id.* at 1. Because Plaintiff asserts an ADA claim, federal question jurisdiction existed at the time of removal. *See Clewis*, 578 F. App'x at 471; *see also Zamora*, 647 F. App'x at 331. Thus, Defendant's removal was proper, and the Court should **DENY** Plaintiff's Motion to Remand.

## IV. CONCLUSION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** that Plaintiff John Doe's Motion to Remand (ECF No. 4) be **DENIED**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 27th day of December 2024.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**

5