Case 6:24-cv-00600-ADA-JCM   Document 7   Filed 12/30/24   Page 1 of 5

FILED
December 30, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
                  DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, WACO DIVISION

JOHN DOE, Plaintiff

v.

6:24cv600

MISSION WACO, MISSION WORLD, Defendants

MOTION FOR RELIEF BASED ON THE RIGHT TO ERASURE

TO THE HONORABLE JUDGE OF THIS COURT:

## INTRODUCTION

Plaintiff John Doe respectfully submits this Motion seeking recognition and enforcement of the Right to Erasure against Defendants Mission Waco and Mission World. The Defendants' dissemination of harmful, defamatory, and intrusive comments regarding Plaintiff's private matters has caused substantial and ongoing harm. Plaintiff invokes this Motion to restore his dignity, reputation, and privacy under established protections, including constitutional rights and principles of fairness, which mandate the removal of these harmful communications.

## FACTUAL BACKGROUND

Plaintiff John Doe has experienced repeated and unprovoked harm through the actions of Defendant Mike Charette, a Mission Waco employee, who disseminated private and harmful comments related to medical matters concerning Plaintiff. Despite Plaintiff verbally requesting that Mr. Charette and other involved parties cease these comments, the harmful actions continued.

Plaintiff escalated his concerns to Mr. Charette's supervisor, Mrs. Kathy Wise, but the conduct did not stop. Plaintiff also sent cease-and-desist letters to the involved parties, yet the remarks persisted. These statements by Mr. Charette and other actors were shared repeatedly with staff and unrelated third parties, amplifying the damage.

There is an electronic component to these communications, which spread beyond Mission Waco and into the broader community. For instance, Plaintiff's neighbors became aware of these issues due to remarks made by another Mission Waco employee at the World Cup Café. This disclosure damaged a 10-year relationship between Plaintiff and his neighbors.

Defendant Mike Charette discussed Plaintiff's perceived disabilities or health matters without authorization, doing so behind Plaintiff's back and with other individuals. This conduct created a hostile environment and, on several occasions, publicly embarrassed Plaintiff, violating his right to privacy under federal and state laws. Plaintiff maintains the right to keep his medical matters, if any, private.

As a long-term patron of the World Cup Café and the Mission Waco grocery store—establishments open to all members of the public—Plaintiff has no other relationship with Mission Waco beyond being a customer. Despite repeated requests for Defendant Charette to cease this conduct, his remarks expanded in scope, embedding the damage within the organization and beyond.

Defendant Kathy Wise failed to take appropriate steps to mitigate the harm or address the discriminatory environment fostered under her oversight. Following the disclosure of Plaintiff's Jewish heritage, communications between Plaintiff and Mission Waco intensified, and the possibility of constructive dialogue diminished. Plaintiff noticed that Mrs. Wise began to accompany a male staff member during interactions, signaling a shift in attitude. Mrs. Wise

could have intervened at any time to address the situation between Plaintiff and Mr. Charette but chose not to.

Hostile actions from World Cup Café staff have continued to intensify, further amplifying the situation and harming Plaintiff's dignity and reputation.

## LEGAL BASIS FOR RELIEF UNDER THE RIGHT TO ERASURE

### I. THE RIGHT TO PRIVACY AND NON-IDENTIFICATION UNDER THE ADA

Under Title III of the Americans with Disabilities Act (ADA), Plaintiff has the right to exist in public spaces without being compelled to disclose or identify any actual or perceived disability. See *Bragdon v. Abbott*, 524 U.S. 624, 638 (1998). Defendants' conduct undermined this fundamental right by subjecting Plaintiff to invasive comments and actions, compelling disclosure of personal matters, and creating a discriminatory environment.

### II. CONSTITUTIONAL SUPPORT FOR THE RIGHT TO ERASURE

Plaintiff asserts the following constitutional protections:

1. **First Amendment**: The right to freedom from compelled speech or disclosure of private information, particularly regarding personal or medical matters. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958), affirms the protection against compelled disclosure of sensitive information.
2. **Fourth Amendment**: The right to be free from unwarranted invasions of privacy. In *Katz v. United States*, 389 U.S. 347, 350 (1967), the Supreme Court emphasized the protection of reasonable expectations of privacy.
3. **Fifth and Fourteenth Amendments**: The guarantees of due process, equal protection, and the right to dignity were undermined by Defendants' conduct. Plaintiff has been

repeatedly singled out and embarrassed despite requesting that Defendants cease their actions. See *Board of Regents v. Roth*, 408 U.S. 564, 572 (1972), affirming the importance of individual dignity under due process.

### III. THE RIGHT TO ERASURE AS A REMEDY FOR DURABLE HARM

Plaintiff invokes the Right to Erasure to address the sustained harm caused by Defendants' conduct. This remedy seeks to restore an individual's dignity and reputation by mandating the removal of defamatory, harmful, or discriminatory materials. The Fifth Circuit has recognized that remedies addressing reputational harm are integral to safeguarding constitutional rights. See *Paul v. Davis*, 424 U.S. 693, 701 (1976).

Plaintiff's claims go beyond the narrow holding in *Paul v. Davis*. While that decision held that reputational harm alone does not constitute a constitutional violation, Plaintiff asserts a "stigma-plus" claim. Here, reputational damage was accompanied by tangible harms, including the loss of privacy, emotional distress, and interference with professional and personal relationships, fulfilling the "plus" component. Furthermore, the dissemination of private information violated Plaintiff's rights under the ADA and constitutional privacy protections, extending this case beyond the scope of *Paul v. Davis*.

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Recognize that Plaintiff is free from forced identification through any form of communication, including situations of compulsion, and that Plaintiff retains the right of non-identification.
2. Require Defendants to provide all forms of communication related to this Motion and all occurrences connected to this cause of action.

3. Contact the Department of Justice on Plaintiff's behalf to assist with further areas of investigation. The dissemination of information by Mission Waco employees is extensive, affecting Plaintiff in other parts of Waco, where he has worked as a professional.
4. Recognize and enforce Plaintiff's Right to Erasure by ordering Defendants to immediately delete, retract, and cease any verbal, electronic, or written dissemination of harmful, defamatory, or discriminatory information related to Plaintiff.
5. Require Defendants to issue a public acknowledgment of the harm caused and to confirm compliance with the Court's order for erasure.
6. Prohibit Defendants from discussing Plaintiff's personal matters, perceived disabilities, or other private issues moving forward.
   1. Award compensatory damages to Plaintiff for emotional distress, reputational harm, and other losses caused by Defendants' actions.
7. Grant any additional relief this Court deems just and proper.

## CONCLUSION

Defendants' repeated dissemination of private and harmful information has caused irreparable harm to Plaintiff, violating his privacy and dignity. The Right to Erasure offers an essential remedy to mitigate this harm and ensure Plaintiff's constitutional and statutory protections are upheld. Plaintiff respectfully requests that this Court enforce this right and grant the relief outlined above.

Respectfully submitted,

John Doe (Pro Se)

Waco108@proton.me