IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:24-CV-00600-ADA-JCM |
| | § | |
| MISSION WACO, et al, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Came for consideration Plaintiff John Doe's Motion for Relief Based on the Right to Erasure (ECF No. 7), Defendants Mission Waco and Mission Waco World Cup Cafe's Response in Opposition (ECF No. 10), and Plaintiff's Motion to Proceed Anonymously (ECF No. 9). For the reasons described below, the Court **DENIES** both motions.

*Pro se* Plaintiff John Doe sues Defendants Mission Waco and Misson Waco World Cup Cafe for violating the Americans with Disabilities Act ("ADA"). Notice of Removal at 1–2, ECF No. 1; Ex. A-3 at 2, ECF No. 1-5. Plaintiff alleges that he "has experienced direct and indirect comments from staff at Mission Waco, specifically related to substance habits, which triggered protections under the Americans with Disabilities Act (ADA)." *Id.*, Ex. A-3 at 1.

### A. Motion for Relief Based on Plaintiff's Right to Erasure

Plaintiff asks the Court to recognize his "right to erasure" by addressing "the sustained harm caused by Defendants' conduct." Pl.'s Right to Erasure Mot. at 4, ECF No. 7. Plaintiff also requests that the Court (1) contact the Department of Justice on his behalf to "assist with further areas of investigation" and (2) enforce his right to erasure "by ordering Defendants to

1

immediately delete, retract, and cease any verbal, electronic, or written dissemination of harmful, defamatory, or discriminatory information related to Plaintiff." *Id.* at 5. Defendants argue that Plaintiff has not shown he is entitled to the relief sought. Defs.' Opp. Resp. at 2–6, ECF No. 10.

Plaintiff cites the First, Fourth, Fifth, and Fourteenth Amendments in support of his claimed right to erasure. *Id.* at 3–4. Plaintiff does not cite, nor is the Court aware of, any case or court that has recognized the right to erasure. Instead, Plaintiff merely invokes the right and concludes that he is entitled to be free from identification through any form of communication. *Id.* at 4. As such, Plaintiff's request for relief lacks merit.[1] Accordingly, Plaintiff's Motion for Relief Based on the Right to Erasure is **DENIED**.

**B. Motion to Proceed Anonymously**

Plaintiff also asks the Court to permit him to pursue his claim anonymously. Pl.'s Mot. for Anonymity at 1, ECF No. 9. Generally, parties to a lawsuit must identify themselves in their pleadings. *Southern Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Rule 10(a) requires the plaintiff to disclose all names of parties in the complaint, and there is a clear and strong First Amendment interest in keeping court proceedings transparent. Fed. R. Civ. P. 10(a); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (Unit A).

That said, when deciding whether a party may proceed anonymously, there is no hard and fast rule. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007). Instead, courts must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally based presumption of openness in judicial proceedings. *Id.* Relevant factors considered include whether (1) the plaintiff seeking anonymity

---

[1] Plaintiff's Motion for Relief Based on the Right to Erasure sounds in equity. To the extent Plaintiff seeks an injunction against Defendants for his alleged reputational harm, Plaintiff's motion fails to address any of the factors required for injunctive relief. *See Toole v. Peak*, 361 Fed. App'x. 621, 621 (5th Cir. 2010) (per curiam) (Although courts liberally construe the briefs of pro se litigants, "a pro se litigant still must actually argue something that is susceptible of liberal construction.").

is suing to challenge governmental activity; (2) prosecution of the suit compels the plaintiff to disclose information of "the utmost intimacy"; and (3) the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d 185. Because none of the factors are dispositive, but deserve consideration, a judge should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *Wynne & Jaffe*, 599 F.2d at 713.

In analyzing the factors, courts have noted the insufficiency of a plaintiff's allegations of embarrassment or harassment. *See, e.g., Rose*, 240 F.R.D. at 267; *see also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Here, Plaintiff is neither seeking to challenge governmental activity nor seeking to avoid admitting his intent to engage in illegal conduct. Instead, Plaintiff argus that the litigation involves "sensitive and personal issues." Pl.'s Mot. for Anonymity at 1. Plaintiff also contends that if his name becomes public, it will cause "embarrassment, harm, or other negative consequences." *Id.* Plaintiff, however, does not provide any kind of explanation about what kind of sensitive and personal issues he seeks to keep private.

As noted above, allegations of embarrassment or harassment are generally insufficient to conclude that the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *Wynne & Jaffe*, 599 F.2d at 713. Even the threat of hostile public reaction to a lawsuit will only "with great rarity warrant public anonymity." *Beaumont Indep. Sch. Dist.*, 172 F.R.D. at 217. The risk of disclosing "information of the utmost intimacy," however, may serve as sufficient justification for allowing a plaintiff to proceed under a pseudonym. *See Doe v. Compact Info. Sys.*, No. 3:13-CV-5013-M, 2015 U.S. Dist. LEXIS 178930, at * 10–11 (N.D. Tex. Jan. 26, 2015).

Information of the "utmost intimacy" that might justify allowing a plaintiff to proceed anonymously has been found to involve matters such as birth control, abortion, homosexuality, transsexuality, mental illness, welfare rights of illegitimate children, and prayer and religious beliefs. *Id.* (collecting cases). Plaintiff's lawsuit deals with alleged comments "related to [Plaintiff's] substance habits." Notice of Removal, Ex. A-3 at 1. Substance use is not information of the utmost intimacy. "[E]ven sexual assault (a matter undisputably of a highly sensitive and personal nature) has not been found to be so compelling in regard to its intimate nature as to permit a plaintiff to proceed anonymously in instances where the plaintiffs are pursuing an action against the alleged abuser." *Compact Info. Sys.*, 2015 U.S. Dist. LEXIS 178930, at *12 (citing *Rose*, 240 F.R.D. at 267).

In sum, Plaintiff's fears of harassment and embarrassment are insufficient to warrant allowing him to proceed anonymously. And Plaintiff failed to establish that identifying himself in his pleadings would result in the disclosure of information of the utmost intimacy. Accordingly, Plaintiff's Motion to Proceed Anonymously is **DENIED**.

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Plaintiff's Motions for Relief Based on the Right to Erasure (ECF No. 7) and to Proceed Anonymously (ECF No. 9).

**IT IS SO ORDERED.**

Signed this 7th day of January, 2025.

Alan D Albright
United States District Judge