IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:24-CV-00600-ADA-JCM |
| § | |
| MISSION WACO, et al., § | |
| § | |
| Defendants. § | |
| § | |

**DOCKET CONTROL ORDER PURSUANT TO RULES 16(b) AND 26(f)**

Came for consideration the above-styled matter. The Court **ORDERS** discovery disputes be resolved in the following manner:

**Procedure.** A party may not file a Motion to Compel discovery unless: (1) lead counsel with decision making authority have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk to summarize the dispute and the parties' respective positions.[1] When contacting the Court's law clerk for discovery or procedural disputes, the following procedures shall apply:

If the parties remain at an impasse after lead counsel have met and conferred, the requesting party shall email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The responding party has 3 business days[2] thereafter to provide an email response, also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues. The

---

[1] The procedure outlined below is also the Court's preferred mechanism for handling disputes regarding procedural matters such as extensions of time, excess pages, etc. If the parties are unsure about whether a particular dispute should be handled by motion or discovery dispute procedure, they should contact the Court's clerks.

[2] Business days exclude weekends and federal holidays.

specific relief requested should propose the exact language to be issued in a court order for each part of every disputed issue. The specific relief requested does not count toward the word limits. The Court encourages the parties to provide their submission in a Word document in the following table format, which clearly identifies the disputed issues and specific relief requested.

Example:

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| RFP 1: All sale records of the Product. | Responding Party didn't produce anything. Responding Party keeps its sales records in a sales database.<br><br>Relief: Order that "Responding Party must produce a copy of the sales database within 7 days." | We found no sales records of the Product in the sales database.<br><br>Relief: Find that "no documents responsive to RFP 5 exist" and deny Requesting Party's relief. |
| ROG 5: Identify all employees who worked on the Product. | Responding Party only identified a subset of the employees.<br><br>Relief: Order that "Responding Party is compelled to fully respond to ROG 5 by identifying the names and locations of the remaining employees who worked on Product by [date]." | We identified the relevant employees. The other employees are not relevant, and it is too burdensome to identify every employee.<br><br>Relief: Order that "Responding Party need not identify any other employees in response to ROG 5." |

Once the opposing party provides its response, the requesting party shall email the summaries of the issues to the Court's law clerks for both Judge Albright and Judge Manske with opposing counsel copied. If a hearing is requested, the parties shall indicate in the email whether any confidential information will be presented. Thereafter, the Court will provide guidance to the parties regarding the dispute or arrange a Zoom or in-person hearing.

**Written Order.** Within 7 days of the discovery hearing, the parties shall email a joint proposed order to the Court's law clerk that includes the parties' positions from their dispute chart, the parties' requested relief, and the parties' understanding of the Court's ruling so that the

arguments and outcome can be docketed. Parties shall send an editable version of the proposed order to the Court's law clerk with any disputed language in red and blue text. Failure to provide a proposed written order for the docket results in waiver of the dispute for appeal.

The Court would also like to relay the following to the parties:

(1) Judge Manske and Judge Albright are not opposed to counsel contacting their respective law clerks for matters of preference or non-substantive matters. Both Judges' clerks are well-trained on what is or isn't a substantive matter and will refuse to communicate in an ex-parte manner on any substantive matters. Parties should generally email any inquiries to the Court's law clerk. The Court's voicemail is not checked regularly. Email is the preferred contact method. Messages directed only to Judge Albright's law clerks may be sent to:

TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov.

Messages directed only to Judge Manske's law clerks may be sent to:

TXWDml_NoJudge_Chambers_WA_JudgeManske@txwd.uscourts.gov.

(2) The Court has recently faced a spate of discovery objections that do not track the 2015 amendments to the Federal Rules. Please remember that boilerplate objections are unacceptable.

(3) Speaking objections during depositions are improper. Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner. Examples of permissible objections include: "Objection, leading," "Objection, compound," "Objection, vague." Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege. Judge Albright is available during depositions if you feel a deponent is being evasive or his or her respective counsel is improperly objecting or invoking privilege. Please call the Court if this is happening; Judge Albright will resolve the matter and admonish the deponent to respond appropriately.

(4) Submission of a USB drive containing exhibits or briefs for motions for summary judgment and other dispositive motions is disfavored. Instead, the Party shall contact the Court's law clerk for a Box link to provide an electronic copy of the exhibits.

(5) Parties shall promptly notify the Court if they reach a settlement in a case and request to stay any deadlines.

**SIGNED** this 21st day of January, 2025.

                                   _____
                                   ALAN D ALBRIGHT
                                   UNITED STATES DISTRICT JUDGE