UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS WACO DIVISION

JOHN DOE, § Plaintiff, § § v. § Case No. 6:24-cv-00600-JCM § MISSION WACO, et al., § Defendants. §

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE PRESIDING:

**FILED**
APR 21 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Plaintiff John Doe, pro se, moves for a protective order under **FRCP 26(c)(1)** to prohibit disclosure of **employment records**, **financial records**, **health records**, **social media records**, and **papers from other businesses** sought in Defendant's First Requests for Admission (RFAs), Requests for Production (RFPs), and Interrogatories (ROGs), served by counsel Paul E. Hash and Nicholé M. Plagens of Jackson Lewis P.C. These requests are irrelevant, overly broad, invasive, privileged, unduly burdensome, and risk manipulation of witness testimony to prejudice Plaintiff's future lawsuits against other entities. They impose disproportionate burden to this case's needs, which centers on **ADA Title III** (42 U.S.C. § 12182) discrimination, **Title II of the Civil Rights Act** (42 U.S.C. § 2000a) religious discrimination, **ADA retaliation** (42 U.S.C. § 12203), and **civil conspiracy** (42 U.S.C. § 1985(3)). Plaintiff conferred with Defendant's counsel on 4/18/2025 via email, proposing withdrawal or narrowing of these requests, but no resolution was reached, necessitating this motion. Local Rule **CV-7(i)** requirements are satisfied.

## I. Background

Plaintiff alleges Defendant Mission Waco and its World Cup Café discriminated against him based on perceived disability and Jewish identity, and religion retaliated after protected activities (e.g., complaints to Kathy Wise, BBB), to Mike Charette. Defendant's discovery seeks extensive employment (e.g., RFP Nos. 85, 102, 107–111), financial (e.g., RFP Nos. 96, 113–115), health (e.g., RFP Nos. 97–101), social media (e.g., RFP Nos. 105–106), and papers from other businesses (e.g., RFP Nos. 73–75, Dichotomy Coffee; RFP Nos. 81–82, BBB, Texas consumer reports). Plaintiff objected to these as irrelevant, privileged, invasive, and burdensome (see Plaintiff's Responses, [insert docket numbers]). These requests exceed **FRCP 26(b)(1)**'s scope, which limits discovery to relevant, proportional matters.

## II. Legal Standard

Under **FRCP 26(c)(1)**, a court may issue a protective order for "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The movant must show specific harm, and the court balances discovery needs against harm. *In re LeBlanc, 559 F. App'x 389, 392 (5th Cir. 2014)* (per curiam). Discovery is limited to

matters relevant to claims or defenses and proportional, considering privacy and burden. *LeGrand, 43 F.3d 163, 167 (5th Cir. 1995)*. Irrelevant, overly broad, privileged, or harassing requests are improper. *Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)*.

### III. Argument

Defendant's requests for employment, financial, health, social media, and business records are improper, warranting a protective order:

### A. Irrelevance to Plaintiff's Claims

Plaintiff's claims focus on denial of equal access, religious disparagement, retaliation, and conspiracy at the World Cup Café (Affidavit, July–November 2024). These do not involve employment disputes, economic damages, medical conditions, social media activity unrelated to Defendant, or third-party business conduct:

- **Employment Records** (e.g., RFP Nos. 85, 102, 107–111): Teaching certificates, paystubs, and job applications are irrelevant, as claims do not allege employment discrimination or lost wages. *LeGrand, 43 F.3d at 167*.

- **Financial Records** (e.g., RFP Nos. 96, 113–115): Social security benefits, tax returns, and unemployment records are irrelevant, as Plaintiff seeks injunctive relief and non-economic damages (e.g., emotional distress). *Morrow v. New Moon, 540 F.3d 619, 625 (5th Cir. 2008)*.

- **Health Records** (e.g., RFP Nos. 97–101): Medical and psychiatric records are irrelevant, as ADA Title III "regarded as" claims (42 U.S.C. § 12102(3)) require only perception, not actual disability (Affidavit, medical rumors). *Feist, 730 F.3d 450, 454 (5th Cir. 2013)*.

- **Social Media Records** (e.g., RFP Nos. 105–106): All Facebook, Instagram, Twitter, Snapchat, and TikTok posts are irrelevant unless tied to Defendant's actions. Plaintiff's affidavit notes monitoring (e.g., 13–24 users, February 2024), but broad disclosure exceeds claim scope. *LeGrand, 43 F.3d at 167*.

- **Papers from Other Businesses** (e.g., RFP Nos. 73–75, 81–82): Records from Dichotomy Coffee, BBB, and Texas consumer reports are irrelevant, as claims focus on Mission Waco's actions, not third-party businesses (Affidavit, October 2023). *LeGrand, 43 F.3d at 167*.

Defendant's counsel's voluminous requests overreach, violating **FRCP 26(b)(1)**'s proportionality requirement.

### B. Invasion of Privacy and Privilege

The requests invade Plaintiff's privacy and seek privileged information:

- **Privacy**: Employment, financial, health, social media, and business records contain sensitive data (e.g., Social Security numbers, medical diagnoses, personal posts, complaints), protected under **HIPAA** (45 C.F.R. § 164.502), **Tex. Bus. & Com. Code § 521.002**, and common law. Disclosure risks embarrassment, identity theft, and exposure of religious beliefs (Affidavit, Jewish identity. Exposure to defame religious organization). *Coughlin v. Lee, 946 F.2d 1152, 1157 (5th Cir. 1991)*.

- **Privilege**: Health records may include **physician-patient** communications, employment and business records (e.g., Dichotomy complaints) may involve **attorney-client** communications from prior counsel (conversation on April 18, 2025, 19:12), and social media posts may reflect **First Amendment**-protected religious expression. *In re Grand Jury Proceedings, 517 F.2d 666, 670 (5th Cir. 1975); Betenbaugh, 611 F.3d 248, 255 (5th Cir. 2010)*.

Hash and Plagens' condescending demands disregard these protections, seeking broad records without justification.

### C. Undue Burden and Harassment

The requests impose an undue burden disproportionate to the case's needs:

- **Burden**: Collecting 10 years of employment, financial, and business records (e.g., RFP Nos. 85, 114, 73–75), extensive health records (e.g., RFP Nos. 100–101), and all social media posts (e.g., RFP Nos. 105–106) is costly and time-consuming for a pro se plaintiff, with no relevance. Obtaining third-party records (e.g., Dichotomy, BBB) requires subpoenas, adding complexity. *Wiwa, 392 F.3d at 818*.

- **Harassment**: Requests for sensitive records, particularly third-party business papers, appear designed to intimidate, leveraging counsel's condescending approach to pressure Plaintiff. The affidavit's social media and business allegations (February–October 2024) suggest harassment, not relevance. *LeGrand, 43 F.3d at 167*.

### D. Risk of Testimony Manipulation

Defendant's requests for business records (e.g., RFP Nos. 73–75, Dichotomy Coffee) risk **manipulation of witness testimony** by Jackson Lewis, potentially prejudicing Plaintiff's future lawsuits against other entities (e.g., Dichotomy, Starbucks, affidavit, October 2023). Disclosure could allow counsel to contact witnesses (e.g., Dichotomy staff, BBB officials),

shaping their testimony to undermine Plaintiff's claims, chilling his ability to pursue justice. *Coughlin, 946 F.2d at 1157* (discovery posing risk to future litigation warrants protection). This tactic aligns with counsel's condescending strategy to exhaust Plaintiff's resources.

### E. Neutralizing Defendant's Counsel's Approach

Hash and Plagens employ a sophisticated, condescending style, using voluminous discovery to overwhelm, as seen in their extensive RFAs, RFPs, and ROGs. This motion counters by:

- **Focusing on Relevance**: Citing *LeGrand* and *Morrow* to limit discovery to Café-related issues, undermining their overbroad requests.
- **Highlighting Proportionality**: Emphasizing Plaintiff's pro se status and limited resources, per *Wiwa*, to argue undue burden.
- **Protecting Future Claims**: Citing *Coughlin* to prevent testimony manipulation, safeguarding Plaintiff's rights against other businesses.
- **Challenging Tone**: Noting their condescending demands risk judicial disfavor, favoring concise arguments, without personal attacks.

Plaintiff's objections (e.g., RFP Nos. 97–101, health, irrelevant; RFP Nos. 105–106, social media, overbroad; RFP Nos. 73–75, business, burdensome; RFA No. 1, employment, harassing; confer request on April 18, 2025, 19:12) bolster this motion.

### IV. Proposed Relief

Plaintiff requests a protective order:

1. Prohibiting disclosure of employment records (e.g., RFP Nos. 85, 102, 107–111), financial records (e.g., RFP Nos. 96, 113–115), health records (e.g., RFP Nos. 97–101), social media records (e.g., RFP Nos. 105–106), and papers from other businesses (e.g., RFP Nos. 73–75, 81–82).

2. Limiting RFAs and ROGs seeking related information (e.g., RFA No. 1, employment efforts) to matters directly tied to ADA Title III, religious discrimination, retaliation, or conspiracy claims.

3. Awarding reasonable expenses, including copying costs, per **FRCP 37(a)(5)**, due to Defendant's unjustified demands.

### V. Conclusion

Defendant's requests for employment, financial, health, social media, and business records are irrelevant, invasive, privileged, burdensome, and risk testimony manipulation, violating **FRCP 26(b)(1)**. Plaintiff's good faith conferral failed to resolve the dispute. A protective order is necessary to prevent undue burden and protect Plaintiff's rights. Plaintiff respectfully requests the Court grant this motion.

DATED: April 20, 2025

Respectfully submitted,

/s/ ~~John Doe~~
John Doe, Pro Se
801 Dallas Street
Waco, TX 76704
flitter-torrent8u@icloud.com

### CERTIFICATE OF CONFERENCE

I certify that on April, 18. 19 I conferred with Nicholé M. Plagens via email, proposing withdrawal or narrowing of the disputed RFAs, RFPs, and ROGs, including business records. Defendant's counsel declined to modify the requests, necessitating this motion.

/s/

### CERTIFICATE OF SERVICE

I certify that on April 19, 2025, this motion was filed via ECF and served on Defendant's counsel by email.
Paul E. Hash
Nicholé M. Plagens
Jackson Lewis P.C.
500 N. Akard Street, Suite 2500
Dallas, TX 75201
Paul.Hash@jacksonlewis.com
Nichole.Plagens@jacksonlewis.com

/s/