**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **LANT CHAPMAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 6:24-CV-00600-ADA-DTG** |
| | § | |
| **MISSION WACO, A TEXAS NON-PROFIT ORGANIZATION, MISSION WACO WORLD CUP CAFÉ, A BUSINESS AND INDIVIDUALS OR ENTITIES ASSOCIATED WITH THE ADVERSE ACTIONS INFLUENCED BY COMMENTS AND ACTIONS DIRECTED TOWARD PLAINITFF AFFECTING THE LEVEL OF SERVICE INSIDE OF THE CAFÉ,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Now before the Court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). Dkt. 82. Having reviewed Plaintiff's Motion, Defendant's Response (Dkt. 85), and Plaintiff's Reply (Dkt. 86), as well as the applicable facts and law, the Court hereby **DENIES** Plaintiff's Motion.

Additionally, the Court now considers Defendant's Motion Indicating Areas of Disagreement in Defendant's Proposed Bill of Costs. Dkt. 84. Having reviewed the Motion, the Court finds that Plaintiff's challenges do not prevent recovery of costs, pursuant to Rule 54(d)(1). Accordingly, Plaintiff's challenges are **DENIED**, and the clerk of the Court is directed to tax costs against Plaintiff in the full amount of $7,968.95.

**I.    BACKGROUND**

On May 16, 2025, Mission Waco filed its motion for summary judgment seeking to dismiss all of Plaintiff's claims that Chapman confirmed he was pursuing during his deposition.

Chapman's causes of action were for: (1) "regarded as disabled" discrimination in violation of Title III of the Americans with Disabilities Act ("ADA") ("Title III"); (2) discrimination based on his religion and national origin in violation of Title II of the Civil Rights Act of 1964 ("CRA") ("Title II"); and (3) retaliation under both the ADA and the CRA. Dkt. 54 at 1 (App. 50-54, Ex. D, Deposition of Lant Chapman ("Chapman Dep.") 25:6-23, 26:7-15, 27:10-25, 31:22 – 33:19, 35:15-19, 37:5-18, 38:14-39:16.). Mission Waco did not move on grounds to dismiss a Section 504 of the Rehabilitation Act claim ("Section 504") because Chapman explicitly stated during his deposition that he was not pursuing such a claim. *See id.* (App. 53, Chapman Dep. 37:5-18 (after testifying that he was pursuing claims under Tile II and Title III, Chapman stated "I do not have any other causes except for retaliation for actually making a claim for these things.").

On June 2, 2025, Chapman filed his response to Defendant's Motion for Summary Judgment. Dkt. 55. Notably, Chapman did not dispute Defendant's representation to the Court that Chapman had explicitly stated during his deposition that he was only bringing Title II, Title III, and retaliation claims and he did not make any Section 504 arguments. *See id.*

On February 2, 2026, this Court entered its order granting Defendant's Motion for Summary Judgment in its entirety and its Final Judgment directing the Clerk's Office to close the case. *See* Dkt. 78.

On February 25, 2026, Chapman submitted his Rule 59(e) Motion, alleging that this Court committed manifest errors of law and fact. Dkt. 82.

## II.    LEGAL STANDARD

Rule 59(e) provides a narrow and extraordinary remedy, reserved only for correcting manifest errors of law or fact or for considering newly discovered evidence—not for revisiting

arguments that were or could have been raised before judgment. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 396 (5th Cir. 2021). To obtain such relief, a movant must demonstrate an intervening change in controlling law, previously unavailable evidence, or a manifest error of law or fact. *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). A "'manifest error' is an obvious error that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Wease v. Ocwen Loan Servicing, L.L.C.*, 852 Fed. Appx. 807, 809 (5th Cir. 2021); *see also Flexiworld Techs., Inc. v. Amazon, Inc.*, No. W-20-CV-00553-ADA, 2021 U.S. Dist. LEXIS 189487, at *3 (W.D. Tex. Oct. 1, 2021) (Albright, J.). Seeking merely a "reconsideration of the [c]ourt's exercise of discretion in analyzing certain evidence and factors" does not amount to "'manifest error' that is 'plain and indisputable.'" *Flexiworld Techs., Inc.*, 2021 U.S. Dist. LEXIS 189487, at *4. "Mere disagreement with a district court's order does not warrant reconsideration of the order." *Brook v. Holzerland*, No. 1:23-CV-00379-MAC, 2024 U.S. Dist. LEXIS 237866, at *2 (E.D. Tex. Dec. 19, 2024).

The Fifth Circuit repeatedly emphasizes that Rule 59(e) relief is "extraordinary" and should be "granted 'sparingly.'" *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024). Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Miller v. Salvaggio*, No. SA-20-CV-00642-JKP, 2023 U.S. Dist. LEXIS 203355, at *4. A party's attempt to use Rule 59(e) to relitigate a motion for summary judgment and "get 'a second bite of the apple' on an issue previously addressed by the Court is an improper use of a Rule 59(e) motion." *Esquivel v. Corecivic, Inc.*, No. SA-19-CV-00143-JKP, 2021 U.S. Dist. LEXIS 88396, at *4 (W.D. Tex. May 10, 2021). Accordingly, where a party bases their Rule 59(e) motion on facts and arguments

that could have been prior to the court entering judgment, the court may summarily deny the Rule 59(e) motion. *Matthews*, 108 F.4th at 371.

### III.   ANALYSIS

#### A.  Plaintiff Fails to Raise Any Manifest Errors of Law

Plaintiff alleges the following "manifest errors of law": (1) the Court's failure to address a Section 504 claim; (2) the Court's determination that Title III is not applicable to Mission Waco as a religious organization; and (3) the Court's application of the *McDonnell Douglas* burden shifting framework to his public accommodation claims. Dkt. 82 at 5, 7, 10-13.

With respect to the first allegation, Plaintiff does not have a Section 504 claim, as demonstrated by his admission during deposition. And even if he had a Section 504 claim, no Section 504 arguments were raised in response to Defendant's summary judgment motion and were therefore foreited. *Rollins*, 8 F.4th at 397.

Plaintiff's other two alleged "manifest errors of law" amount to nothing more than dissatisfaction with the Court's ruling. The Court applied the correct legal standards when determining that Title III is not applicable to Mission Waco as a religious organization, and when applying the *McDonnell Douglas* burden shifting framework to his public accommodation claims.

Ultimately, the Court agrees with Defendant that Plaintiff's disagreement with the Court's ruling is not sufficient to support a Rule 59(e) motion. There has been no showing of any manifest error of law that is "plain and indisputable."

#### B.  Plaintiff Fails to Raise any Manifest Errors of Fact

Plaintiff claims that the Court failed to recognize genuine disputes of material fact. *See* Dkt. 82 at 6-10. However, Plaintiff did not articulate these alleged "genuine disputes" in his

response to Defendant's summary judgment motion, and in fact, fully failed to cite or even reference a single piece of Defendant's summary judgment evidence in his response.

Plaintiff attempts to excuse these deficiencies by asking the Court to apply a lessor burden against him because he is a pro se plaintiff. Dkt. 82 at 4. But the authority cited by Chapman does not support a finding that the Court should have to search the record for evidence to support Chapman's opposition to summary judgment, and in fact the Court is not required to perform such an exercise. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In fact, the Fifth Circuit has made clear that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

As to the facts that Plaintiff did raise in his summary judgment response, such as his alleged "regarded as" disabled theory of recovery and that his alleged mistreatment by Mission Waco amounted to discrimination, the Court addressed these arguments and rejected them. *See* Dkt. 78 at 6-7. Plaintiff does not demonstrate any manifest error on these issues.

Plaintiff also claims that the Court committed a manifest error of fact by mischaracterizing his religious practices. Dkt. 82 at 13-14. However, allegation did not influence the Court's findings or the legal analysis used. Similarly, Plaintiff alleges that the Court committed an error of fact when it failed to address Mission Waco's alleged restriction of his access to the staff as retaliation. Again, Plaintiff never raised this argument in his summary judgment response. Further, the Court expressly found that Plaintiff failed to establish that any allegations of being denied service were a result of his alleged protected activity; rather, the Court found that his treatment was a direct response to his own threatening behaviors towards Mission Waco staff. Dkt. 78 at 11.

## IV.    CONCLUSION

Having reviewed Plaintiff's Motion (Dkt. 82), Defendant's Response (Dkt. 85), and Plaintiff's Reply (Dkt. 86), as well as the applicable facts and law, the Court hereby **DENIES** Plaintiff's Motion.

Additionally, having reviewed Defendant's Motion Indicating Areas of Disagreement in Defendant's Proposed Bill of Costs (Dkt. 84), the Court finds that Plaintiff's challenges do not prevent recovery of costs, pursuant to Rule 54(d)(1). Accordingly, Plaintiff's challenges are **DENIED**, and the clerk of the Court is directed to tax costs against Plaintiff in the full amount of $7,968.95.

All other pending motions in this matter are hereby **DENIED-AS-MOOT.**

**SIGNED** this 9th day of April, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE